```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------- X
NAGMELDEEN AZAZ,

                Petitioner,
                                            **MEMORANDUM AND ORDER**
      -against-
                                            09-CV-3857 (KAM)(SMG)
SUPERINTENDENT DALE ARTUS,

                Respondent.
--------------------------------- X
```
**MATSUMOTO, United States District Judge:**

Nagmeldeen Azaz filed a petition for a writ of habeas corpus on September 4, 2009, through his then-counsel Stephen N. Dratch. The petition was referred to Chief Magistrate Judge Steven M. Gold, who recommended that the petition be denied in its entirety. After considering Judge Gold's Report and Recommendations ("R&R") and petitioner's objections to it, the undersigned adopted the R&R in full and denied the petition on October 19, 2012. (Order Adopting R&R, ECF No. 17.) Judgment was entered by the Clerk of Court on October 23, 2012, and no appeal of the decision was taken. Petitioner, now proceeding *pro se*, filed a motion on October 4, 2013 to vacate the denial of his habeas motion, to extend or reopen the time to file an appeal, or, to be granted a certificate of appeal. ("Pet'r Mot.," ECF No. 19.) On December 4, 2013, petitioner subsequently moved for permission to serve interrogatories on his former attorney and for an extension of time to file an

amended motion or to file a reply to respondent's opposition. ("Pet'r Mot. to Amend," ECF No. 26.) For the reasons set out below, petitioner's motions are denied in their entirety.

I. **Motion to Vacate the Judgment**

Petitioner moves pursuant to Federal Rule of Civil Procedure 60(b)(4) and (b)(6)to vacate denial of his habeas petition.[1] Petitioner, in essence, rests his Rule 60 argument on three grounds: 1) that because the court did not issue or deny a certificate of appealability in this case, the habeas judgment is void; 2) that the court erred in not considering petitioner's procedurally barred claims on the merits; and 3) that his habeas counsel was defective in failing to make certain arguments and in failing to appeal the habeas determination after petitioner paid him a fee to do so.

Under Federal Rule of Civil Procedure 60(b), a court may exercise its discretion to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence;

---

[1] A Rule 60(b) motion to vacate a denial of a habeas petition may be evaluated on the merits where the motion "attacks the integrity of a previous habeas proceeding," rather than the petitioner's underlying conviction. *Harris v. United States*, 367 F.3d 74, 82 (2d Cir. 2004) (emphasis in original omitted). A "Rule 60(b) motion that *attacks the underlying conviction* presents a district court with two procedural options: (i) the court may treat the Rule 60(b) motion as 'a second or successive habeas petition' [to be transferred to the Second Circuit] . . . or (ii) the court may simply deny the portion of the motion attacking the underlying conviction as beyond the scope of Rule 60(b)." *Id.* (internal quotation marks and citation omitted). The instant motion appears to be challenging the decisions of the habeas court, rather than petitioner's original conviction, and thus may be evaluated under Rule 60(b).

2

(3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the operation of the judgment. "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd*, 501 U.S. 115 (1991). Moreover, it is well-settled that motions for reconsideration may not be used to relitigate issues already decided by the court. *See, e.g.*, *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Davidson v. Scully*, 172 F. Supp. 2d 458, 461-62 (S.D.N.Y. 2001).

Petitioner's Rule 60 motion is without merit. Petitioner's first contention – that the lack of a certificate of appealability determination by this court renders the judgment void – is incorrect. The court can find no authority for the proposition that the lack of a certificate of appealability voids a judgment. *See City of New York v. Mickalis Pawn Shop, LLC*, 643 F.3d 114, 138 (2d Cir. 2011) ("A judgment is void under Rule 60(b)(4) . . . if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law" (internal citation omitted)). This is especially so as a party denied a certificate of appealability may appeal directly to the Second Circuit for a certificate

pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases. In any event, a certificate of appealability is not warranted in petitioner's case. Such certificates may be granted only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b)(2). Having reviewed the habeas petition and attendant briefing, the court finds that no such showing has been made as to any of the claims raised in the petition and that a certificate may therefore not be granted.

The remainder of petitioner's Rule 60 motion is also not meritorious. Petitioner points to no new facts or law that would cause the court to reconsider its decisions on his procedurally barred claims.[2] *See Shrader*, 70 F.3d at 257 ("reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked"). In both his Rule 60 motion and his motion to file an amended motion, petitioner identifies *People v. Feingold*, 7 N.Y.3d 288 (2006), as a case that was overlooked by this court and that constitutes cause for his procedural default on the

---

[2] The three claims that were found to be procedurally defaulted were: (1) insufficiency of the evidence with respect to petitioner's depraved indifference murder conviction, (2) the trial court's violation of petitioner's privilege against self-incrimination, and (3) due process violations due to prosecutorial misconduct and a biased interested witness charge. (*See* Order Adopting R&R at 7 n.3.) Even though petitioner did not object to the portion of the R&R finding that several of his claims were procedurally barred, the court found that it would have adopted Judge Gold's recommendations regarding the defaulted claims under either clear error review or under the *de novo* standard of review that would have been applied had petitioner objected. (*See* Order Adopting R&R at 7, 10-16.)

4

legal sufficiency claim to be excused. (*See* ECF No. 19-1, at 17-20.) *Feingold* was decided during the pendency of petitioner's state court appeals and clarified New York's law on depraved indifference murder, the charge of which petitioner was convicted for the death of his infant son. Petitioner's contention that *Feingold* was not considered during the habeas proceeding is incorrect. In the alternative to his decision that petitioner's legal sufficiency claim was procedurally barred, Judge Gold also considered the claim on the merits in light of the standard articulated in *Feingold* and found that claim to be unmeritorious. (R&R at 20-22.) This court then adopted Judge Gold's findings both on the procedural bar ground and on the merits. (Order Adopting R&R at 17-18.) Thus, petitioner has presented no controlling decisions overlooked by the court and his motion for reconsideration on that basis is denied.

Finally, petitioner argues in his Rule 60 motion that his habeas counsel was "fundamentally egregious and prejudicial" because Mr. Dratch's habeas brief and objections were inadequate and because Mr. Dratch did not file an appeal. These claims are also without merit. "To obtain relief under Rule 60(b)(6), a habeas petitioner must show that his lawyer abandoned the case and prevented the client from being heard, either through counsel or *pro se*." *Harris*, 367 F.3d at 77. In order to

satisfy this standard, "a lawyer's failures must be so egregious and profound that they amount to the abandonment of the client's case altogether, either through physical disappearance, or constructive disappearance." *Id.* at 81 (citing *Vindigni v. Meyer*, 441 F.2d 376 (2d Cir. 1971); *United States v. Cirami*, 563 F.2d 26, 34-35 (2d Cir. 1977)). Clearly, neither Mr. Dratch's habeas briefing (ECF Nos. 2, 12) nor his objections to the R&R (ECF No. 16) constitute this type of total abandonment of petitioner's case.

Petitioner's argument that he paid Mr. Dratch to file an appeal on his behalf and that Mr. Dratch's failure to do so also amounts to abandonment warranting Rule 60(b)(6) relief is similarly unavailing. The correspondence petitioner submits to the court belies his claim that he compensated Mr. Dratch for filing an appeal; instead, Mr. Dratch's letters indicate that petitioner paid a fee for objections to be filed to the R&R. (Pet'r Exs. B, C; ECF No. 19-3, at 37-40.) Moreover, Mr. Dratch's responses to petitioner's inquiries indicate that the case was not wholly abandoned and, in any event, the lack of appeal does not call into question the determination made on petitioner's habeas petition.

In light of the above reasons, petitioner's motion for Rule 60 relief is denied.

## II. Motion to Reopen or Extend the Time to Appeal

Petitioner also moves to either extend or reopen his time to appeal the denial of his habeas petition. Rule 11(b) of the Federal Rules Governing 2254 Cases provides that Federal Rule of Appellate Procedure 4(a) governs the time to file an appeal of the determination on a habeas petition. Pursuant to Rule 4(a), a notice of appeal must be filed within 30 days after entry of the order or judgment being appealed. Fed. R. App. P. 4(a)(1)(A).

Time to appeal may be extended upon an application showing excusable neglect or good cause made within 30 days after the time for filing a notice of appeal has expired. Fed. R. App. P. 4(a)(5)(A). Extensions under this Rule may not exceed "30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). The time to appeal may also be reopened if a party has not received a notice of judgment within 21 days of the judgment's entry but only if "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier" and no party would be prejudiced. Fed. R. App. P. 4(a)(6).

7

Petitioner's motion is not timely under either Federal Rule of Appellate Procedure 4(a)(5) or (a)(6). As noted above, the order denying the habeas petition was rendered on October 19, 2012. The Clerk of Court's entry of judgment closing the case was entered on October 23, 2012. Although petitioner emphasizes that his counsel did not receive notice of the decision until January 21, 2013 (*see* Pet'r Ex. E, ECF No. 19-3, at 49), the court's electronic filing system records indicate that notice of the decision was sent to two email addresses associated with Mr. Dratch on October 19, 2012 at 10:52 PM and notice of the entry of judgment was sent to the same email addresses on October 23, 2012 at 10:19 AM.

Petitioner's motion, dated September 24, 2013, was made, therefore, approximately 336 days after judgment was entered in the case and petitioner's counsel received notice of it. Even had petitioner and his counsel received notice of the disposition of the case much closer to the date of petitioner's motion, this court would nonetheless be unable to reopen the appeals period. The 180 day period after entry of judgment, during which a motion to reopen the time to appeal is permissible, would have expired in April of 2013. The Supreme Court has held that the time for a habeas petitioner to appeal under Federal Rule of Appellate Procedure 4 is a jurisdictional limitation that may not be extended due to "unique

circumstances" or other equitable considerations. *Bowles v. Russell*, 551 U.S. 205, 213 (2007); *see also* Fed. R. Civ. P. 77(d)(2) ("Lack of notice of entry does not affect the time for appeal . . . or authorize the court to relieve[ ] a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a)."). Petitioner is thus barred from extending or reopening his time to appeal the decision on his habeas petition.

**III. Motion for Extension of Time to File a Reply or An Amended Motion**

Petitioner's motion for an extension of time to file a reply or an amended Rule 60 motion is also denied. For the reasons discussed above, the court does not believe a reply would enhance its understanding of petitioner's motion. Similarly, in light of the above rulings, petitioner's request for interrogatories to be served on Mr. Dratch is moot. Finally, petitioner argues that an amended Rule 60 motion would serve to expand upon his claims regarding the legal sufficiency of his depraved indifference murder conviction and the adequacy of his habeas counsel. As the rulings in this order dispose of those issues, an amended motion is not warranted and the motion is denied.

For the foregoing reasons, petitioner's motions are denied. Respondent is respectfully requested to perform a

search of prison records to determine whether petitioner remains incarcerated at the institution listed on the docket sheet, to serve petitioner at that address or at his current place of incarceration, and to file proof of service with the court.

**SO ORDERED.**

Dated:	January 7, 2014
	Brooklyn, New York

	_____/s/_____
	**KIYO A. MATSUMOTO**
	United States District Judge
	Eastern District of New York